10 F.3d 808
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Philip L. STIMAC, Plaintiff-Appellant,
v.
William P. BARR; John Palomino; California Department of
Education, et al., Defendants-Appellees.
 No. 93-15106.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 5, 1993.*
Decided Nov. 23, 1993.
 
 1
 Before: CHOY, GOODWIN, and SKOPIL, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Philip Stimac appeals the district court's dismissal of his civil rights claims and summary judgment in favor of defendants on his Freedom of Information Act (FOIA) claim. We affirm.
 
 A. Civil Rights Claims
 
 4
 Stimac's claims under 20 U.S.C. Sec. 1681 (Title IX) and 29 U.S.C. Sec. 794 (Section 504), stem from alleged discriminatory actions taken by parties other than the defendants in this case. These claims rest on the theory that a plaintiff alleging discrimination by a recipient of federal funds has an action against a federal agency charged with investigating complaints if that agency fails to investigate the alleged discrimination. The district court correctly held that Stimac has no such cause of action. See Cannon v. University of Chicago, 441 U.S. 677, 706 n. 41, 715 & n. 51 (1979); Women's Equity Action League (WEAL) v. Cavazos, 906 F.2d 742, 748-50 (D.C.Cir.1990); Salvador v. Bennett, 800 F.2d 97, 99 (7th Cir.1986).
 
 
 5
 Stimac appears to misunderstand the district court's holding that he has an adequate remedy against Gavilan College, and thus is not able to bring an action against the Office of Civil Rights (OCR) under the Administrative Procedures Act. See 5 U.S.C. Sec. 704; WEAL, 906 F.2d at 750-51; Salvador, 800 F.2d at 99. Stimac's remedy is to sue Gavilan College. Stimac has put forward no claim that either the defendants or Gavilan College have eliminated this avenue of recourse.
 
 
 6
 The court also correctly held that Stimac had no due process claim against the defendants. If the loss of Stimac's job amounts to the loss of a property interest, that loss was due to the actions of Gavilan College, rather than to the defendants in this case. See Escamilla v. City of Santa Ana, 796 F.2d 266, 269-70 (9th Cir.1986) (absent special relationship with victim, government does not cause deprivation of protected interest by failing to protect against actions of third party).
 
 
 7
 Stimac argues that the Methods of Administration plan (MOA) under which Gavilan College operates is state law, that OCR officers acted under color of that state law, and thus that the district court erred in dismissing his 42 U.S.C. Sec. 1983 action. We do not agree. Stimac's claim that the OCR is a co-administrator of the MOA misconstrues the role of the OCR in implementing state plans required by 34 C.F.R. Sec. 100 App.B. The OCR's role is to ensure that a state's actions under its plan meets the requirements of federal law. The OCR is acting pursuant to federal law when performing that role. See 34 C.F.R. Secs. 100.7, 100 App.B.II.B., 104.61, 106.71; Scott v. Rosenberg, 702 F.2d 1263, 1269 (9th Cir.1983), cert. denied, 465 U.S. 1078 (1984). The existence of state law intended to implement federal requirements does not transform the actions of federal oversight agencies into state action.
 
 
 8
 Although a district court should not ordinarily dismiss a pro se complaint before granting leave to amend it, Stimac clearly does not have a claim against these defendants based on their alleged failure to investigate Gavilan College. The district court therefore did not err in dismissing Stimac's complaint without granting his request to amend it. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 9
 Because Stimac has no cause of action against these defendants based on a failure to investigate allegations of discrimination by Gavilan College regardless of the seriousness of Gavilan's wrongdoing, the court was correct in stating that the conduct of Gavilan was not relevant to this case. Likewise, the material of which Stimac asked the court to take judicial notice cannot create a cause of action in Stimac's favor.
 
 B. Freedom of Information Act (FOIA)
 
 10
 Stimac appeals the district court's summary judgment against him on his FOIA claim. First, he argues that he did not receive notice of and OCR did not publish "substantive rules of general applicability adopted as authorized by law, and statements of general policy or interpretations of general applicability formulated and adopted by the agency." 5 U.S.C. Sec. 552(a)(1)(D). Yet Stimac has produced no evidence that such rules, statements, or interpretations exist, and alleges several times in his appellate briefs that the OCR has not formulated such policy or substantive rules. Section 552(a)(1)(D) does not require an agency to formulate policy, only to publish the policy that it in fact formulates. See Alcaraz v. Block, 746 F.2d 593, 609-10 (9th Cir.1984).
 
 
 11
 Second, Stimac argues that he did not receive documents that he had described in FOIA requests. To the extent that Stimac refers to the FOIA requests that appear in the district court record, the government offered evidence in the form of affidavits to show that after a reasonable search in good faith, all known documents in existence meeting his descriptions had been provided to him. This is all that FOIA requires. See Marks v. United States (Dep't of Justice), 578 F.2d 261, 262-63 (9th Cir.1978). Stimac has offered no evidence that any document described in his requests other than the ones provided to him actually exist. See id. at 263, 264.
 
 
 12
 Third, Stimac argues that he received no answer to several questions put to the government in letters. FOIA requires only that agencies provide existing documents, not that they "produce or create explanatory material." NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 161 (1975); see also Zemansky v. United States EPA, 767 F.2d 569, 573 (9th Cir.1985).
 
 
 13
 Finally, Stimac argues that if the court had taken judicial notice of submitted documents as he requested, summary judgment would have been precluded. Nothing in these documents is probative of the government's lack of good faith or thoroughness in responding to Stimac's FOIA requests, however. Without addressing the issue of whether the submitted documents fell within the boundaries of Federal Rule of Evidence 201(b), we find any error on the part of the district court to be harmless.
 
 
 14
 The government offered adequate, detailed evidence to show that it had made a reasonable and good faith effort to find documents identified by Stimac, and provided him with the documents that it found. Stimac offered no relevant evidence in rebuttal. The district court therefore did not err in granting summary judgment in the government's favor. See Marks, 578 F.2d at 262-63.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3