Michael JACKSON, et al., Appellants,

v.

**CULINARY SCHOOL OF WASHINGTON, LTD.,**
**et al., Appellees.**

No. 93–5083.

United States Court of Appeals, District of Columbia Circuit.

Decided July 25, 1995.

Michael E. Tankersley, argued the cause, for appellants. With him on the briefs were Brian Wolfman, Alan B. Morrison and Clare L. McCulla. Paul A. Fiscella entered an appearance.

Fred E. Haynes, Asst. U.S. Atty., argued the cause, for appellee Riley, Secretary of Educ. With him on the brief were Eric H. Holder, Jr., U.S. Atty., and John D. Bates and R. Craig Lawrence, Asst. U.S. Attys.

W. Scott Davis, argued the cause, for appellees Nebraska Student Loan Program, Inc., et al. With him on the brief was Douglas K. Spaulding.

On the brief, for appellee Great Lakes Higher Educ. Corp. was Ann U. Smith. Michael R. Hatcher entered an appearance.

On the brief, for appellee Crestar Bank were Mark B. Bierbower and Virginia W. Powell.

On the brief, for appellee Virginia State Educ. Asst. Authority was Richard C. Kast, Asst. Atty. Gen. for the State of Virginia.

Leslie H. Wiesenfelder entered an appearance, for appellee Ohio Student Loan Com'n.

Before WALD, SILBERMAN and RANDOLPH, Circuit Judges.

Opinion for the Court filed by Circuit Judge WALD.

WALD, Circuit Judge:

This case is returned to us from the Supreme Court, which vacated and remanded our initial opinion in this case, *Jackson v. Culinary School of Washington*, 27 F.3d 573 (D.C.Cir.1994), and asked us to reconsider the issues presented in light of *Wilton v. Seven Falls Co.*, — U.S. —, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). *See Jackson v. Washington Culinary School*, — U.S. —, 115 S.Ct. 2573, 132 L.Ed.2d 824 (1995).

## I.

The facts of this case are laid out in detail in our original opinion. In brief, appellants are 59 students of the former Culinary School of Washington who seek declaratory and injunctive relief against the enforcement of their student loans because of alleged fraud and breach of contract by the school, which is now apparently judgment-proof. All parties are willing to assume that appellants have valid fraud and breach of contract claims against the school, but they dispute whether those claims have any effect on appellants' obligations to repay their loans to the third-party lenders, guaranty agencies, and the Secretary of Education. Appellants argue that the school's misconduct relieves them of their duty to repay the loans under both federal and District of Columbia law and seek declaratory and injunctive relief on this basis.

The district court ruled on the merits of all the claimed defenses and held that none afforded appellants relief. When the case originally came to us on appeal, we questioned the appropriateness of the district court's decision to render declaratory judgment on the state law claims because complex and speculative choice of law issues made it far from clear whether or to what degree District of Columbia law would, in fact, apply to the appellants' claims. Holding (erroneously as it turned out) that the district court's decision to grant declaratory judgment is reviewed *de novo*, we found only the single claimed defense arising from *federal* law suitable for declaratory resolution and held that it afforded appellants no relief. We found the remaining claimed defenses arising from state law inappropriate for declaratory relief.

In *Wilton*, the Supreme Court confirmed that a district court has discretion to deny declaratory relief but held that the district court's decision whether to grant declaratory judgment is reviewed for abuse of discretion rather than *de novo*. After carefully reviewing *Wilton*, we find that part of our initial decision addressing the merits of appellants' claimed *federal* defense unaffected and, accordingly, order part II.B. of the original decision reinstated. *See Jackson*, 27 F.3d at 582–86. As to the state law claims, we are unable to determine whether the district court's decision to grant declaratory relief on these claims was an abuse of discretion because the district court offered no explanation of its decision to proceed to the merits. Although the issue of the appropriateness of declaratory judgment was not raised by the parties below, the considerations counseling against declaratory judgment in this case, which we discussed at length in our original opinion, *see Jackson*, 27 F.3d at 580–82, and repeat in a briefer form below, are sufficiently grave that we find it prudent to remand the case so that the district court has the opportunity to *exercise* its discretion in accordance with the factors made relevant in *Wilton*, thereby providing a basis for appellate review under the appropriate standard.

## II.

Appellants' claimed state law defenses are based on several District of Columbia consumer protection statutes and on a common law principle. They argue that (1) two provisions of the District of Columbia Consumer Credit Protection Act, § 28–3807 and § 28–3809, make their school-based defenses applicable to third-party lenders and their assignees, (2) the Federal Trade Commission ("FTC") holder rule—which requires sellers of goods or services who take or receive consumer credit contracts to include notice in the instruments that all consumer defenses will be preserved against subsequent holders of the loan—must be implied into their loan contracts under state common law principles, and (3) the school's failure to provide notice in accordance with the FTC holder rule vio-

lates another provision of the D.C. Consumer Protection Act, § 28–3904(r) as well as the D.C. Proprietary Schools Regulations. The first and last of these claims presume the applicability of District of Columbia law to the appellants' loan disputes and present complex questions of the scope of federal preemption; the second requires a choice-of-law analysis to determine *which* state's common law controls. All of the claims require interpretation of state law on matters of first impression.

In *Wilton*, the Supreme Court affirmed the uniquely discretionary nature of the Declaratory Judgement Act: It is " 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.' When all is said and done ... 'the propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power.' " ——— U.S. at ———, 115 S.Ct. at 2143 (quoting *Public Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 241, 243, 73 S.Ct. 236, 240, 97 L.Ed. 291 (1952)). "In the declaratory judgment context," then, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to consideration of practicality and wise judicial administration." *Id.* at ———, 115 S.Ct. at 2143. Finally, while appellate courts may review the district court's exercise of this "wise judicial administration" only for abuse of discretion, *id.*, this review is not without meaning. To the contrary, the Court assured that such review would *not* be " 'tantamount to no review' at all." *Id.*

Applying the teaching of *Wilton*, we find it impossible to assess whether the district court abused its discretion by granting declaratory judgment in this context—or, indeed, whether it was aware it enjoyed as wide a discretion as *Wilton* pronounced in that regard. As we explained in our initial opinion, a declaration of District of Columbia law on the current record of this case borders dangerously on an advisory opinion. It is not at all clear how many, if any, appellants District of Columbia law would govern in their loan disputes. Though some appellants reside in the District of Columbia, others now span the country from Maryland to Utah. And even as to the District of Columbia residents, the record does not inform whether District of Columbia law would necessarily apply. Certain of the loans, for instance, have express choice-of-law provisions specifying that Virginia law controls. The primary lenders and guaranty agencies are based in Virginia, Ohio, Nebraska, Wisconsin, and Texas, and the loan agreements were approved outside the District of Columbia. As the current record leaves it quite uncertain whether District of Columbia law would apply to any of these appellants, it is unclear whether declaration of that law would serve any useful purpose. *See* EDWIN BORCHARD, DECLARATORY JUDGMENTS 307 (2d ed., 1941) ("[T]he declaration is an instrument of practical relief and will not be issued where it does not serve a useful purpose."). In face of such uncertainty, we believe it essential for the district court to give explicit consideration to whether the case is appropriate for declaratory judgment. The Supreme Court in *Wilton* took great pains to emphasize the singular breadth of the district court's discretion to withhold declaratory judgment. Given the glaring concerns raised by declaratory judgment in this case and the intervening reminder that declaratory judgment is a matter of practicality rather than absolute right, we find that a remand of the case is necessary so that the district court has an opportunity to *exercise* its discretion and we, in turn, have the ability meaningfully to review its decision for abuse of discretion.

*Remanded.*