84 F.3d 1452
 318 U.S.App.D.C. 78
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Vanessa ARMSTRONG, Appellant,
v.
ACCREDITING COUNCIL FOR CONTINUING EDUCATION & TRAINING,
INC., et al., Appellees.
 No. 95-5272.
 United States Court of Appeals, District of Columbia Circuit.
 May 3, 1996.
 
 Before: EDWARDS, Chief Judge, SILBERMAN, and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia, on the briefs filed by the parties and the oral argument presented November 20, 1995. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that the order filed on July 25, 1995, based on an earlier order filed on September 8, 1993, by the District Court dismissing appellant's claims for declaratory judgment against HEAF, the Secretary of Education, the Bank of America NT & SA, and the California Student Loan Finance Corporation be vacated, and the case remanded.
 
 
 3
 Appellant brought these claims before the District Court under 28 U.S.C. § 1367(a), which permits a district court to exercise supplemental jurisdiction over claims outside of the district court's original jurisdiction if they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). If the district court should then dismiss all federal claims within its original jurisdiction in the case, however, 28 U.S.C. § 1367(c) grants that court the discretion also to dismiss any pendent claims.
 
 
 4
 In Jackson v. Culinary School of Washington, 27 F.3d 573 (D.C.Cir.1994), vacated and remanded for further consideration, 115 S.Ct. 2573 (1995), on reconsideration, 59 F.3d 254 (D.C.Cir.1995), we determined that parties similarly situated to appellant have no federal claim based on an alleged origination relationship. See Jackson, 27 F.3d at 582-86, as reinstated by Jackson, 59 F.3d at 255. In light of Jackson, the District Court dismissed a similar federal claim by appellant, and appellant now concedes that only pendent claims remain. In dismissing the appellant's origination claim, however, the District Court did not expressly exercise its discretion to maintain or decline jurisdiction over the pendent claims under 28 U.S.C. § 1367. Without some statement of the District Court regarding its discretion under that statute, we hesitate to review its decision on the merits, which may involve difficult matters of local law. Cf. Jackson, 59 F.3d at 256 (requesting district court to explain a decision to exercise its discretion when any "declaration of District of Columbia law ... [would] border[ ] dangerously on an advisory opinion."). We thus remand this matter to the District Court so that it may expressly consider whether it should exercise jurisdiction over these pendent claims.
 
 
 5
 If the District Court decides to exercise jurisdiction over these pendent claims, it should then give " 'explicit consideration to whether the case is appropriate for declaratory judgment.' " Id. The Supreme Court recently reiterated that the Declaratory Judgment Act "confers a discretion on the courts rather than an absolute right upon the litigant." Wilton v. Seven Falls Co., 115 S.Ct. 2137, 2143 (1995) (quoting Public Serv. Comm'n v. Wycoff Co., 344 U.S. 237, 241 (1952)). In light of Wilton 's emphasis on "the singular breadth of the district court's discretion to withhold declaratory judgment," Jackson, 59 F.3d at 256, we must also ask the District Court, if it decides to exercise jurisdiction, to explain why declaratory judgment is practical and prudent in this case.
 
 
 6
 If the District Court decides both to exercise jurisdiction over these pendent claims and to consider the possibility of declaratory relief, it should revisit the relevant issues, beginning with its determination of which state's law applies. See id. (implying that a choice-of-law provision in a student loan contract may supplant otherwise applicable law). After determining the appropriate state law, the District Court should consider whether that law is preempted by the Higher Education Act. If the relevant state law is not preempted, the District Court should review the application of that law to appellant's claims. Likewise, if the District Court determines that D.C. law applies, it should develop its interpretation of potentially relevant sections of D.C.'s Consumer Credit Protection Act.
 
 
 7
 The Clerk is directed to issue forthwith a certified copy of this order to the district court in lieu of formal mandate.