Vanessa ARMSTRONG, Plaintiff,

v.

ACCREDITING COUNCIL FOR CONTINUING EDUCATION & TRAINING, INC., et al., Defendants.

Civil Action No. 91–3135 (RCL).

United States District Court,
District of Columbia.

Nov. 20, 1996.

Henry Weinstock, Nossaman, Gunther, Know & Elliott, Los Angeles, CA, for Bank of America NT & SA and California Student Loan Finance Corporation.

Fred E. Haynes, Asst. U.S. Atty., Washington, DC, for Richard L. Riley, Secretary of Defense.

## MEMORANDUM AND ORDER

LAMBERTH, District Judge.

This case comes before the court on remand from the Court of Appeals. Upon consideration of the parties' written submissions and oral arguments, and the relevant law, for the reasons set forth below, the court will exercise its discretion to maintain jurisdiction and address the merits of plaintiff's case.

### I. Background

In July of 1995, this court entered a final judgment dismissing on the merits plaintiff's claims against three defendants: Bank of America, California Student Loan Finance Corporation (CSLFC), and the Secretary of Education. Among the dismissed claims was the one claim which provided the basis for federal jurisdiction. This claim was against the Secretary of State and involved an alleged origination theory that was found to be meritless by the Court of Appeals in *Jackson v. Culinary School of Washington*, 27 F.3d 573 (1994), reinstated by 59 F.3d 254 (1995). Because the basis for federal jurisdiction was dismissed, the Court of Appeals did not address the merits of this case but remanded so that this court could determine whether or not to exercise discretion to maintain supplemental jurisdiction of the pendent claims. Additionally, the Court of Appeals directed this court to consider the appropriateness of the case for declaratory relief keeping in mind the concerns of the Court of Appeals as expressed in *Jackson v. Culinary School of Washington*, 59 F.3d 254 (1995).

### II. Supplemental Jurisdiction

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over related claims if the

district court dismisses all claims over which it had original jurisdiction. Although this is the set of circumstances currently before the court, the court concludes that it is appropriate to maintain jurisdiction for several reasons. Most importantly, the federal interest in the case makes it inevitable that this case will return to federal court. If the court were to dismiss this case, and if plaintiff were to refile in state court as § 1367 provides, plaintiff has expressed an intent to name the Secretary of Education as a defendant because of the Secretary's role as a guarantor of the loans. Under 28 U.S.C. § 1442(a)(1), the Secretary would then have the absolute right to remove the case to federal court. And; counsel for the Secretary has stated that the government would seek removal if this were to occur. Additionally, even if the plaintiff did not name the Secretary as a defendant, it is likely that CSLFC and Bank of America would join the Secretary through cross-claims, and under this situation the Secretary again has the absolute right to remove to federal court, and again the Secretary concedes that he would seek removal.

Thus there appears to be no set of circumstances in which this case will not be ultimately heard in federal court. The court concludes that this reason alone is sufficient to support the exercise of its discretion to maintain jurisdiction. However, there are additional reasons. District courts have been instructed to consider judicial economy, convenience, and fairness to the litigants when determining whether or not to maintain jurisdiction under § 1367. *Executive Software North America, Inc. v. United States District Court for the Central District of California,* 24 F.3d 1545, 1552 (9th Cir. 1994), *Palmer v. Hospital Authority of Randolph County,* 22 F.3d 1559, 1569 (11th Cir. 1994), *Growth Horizons, Inc. v. Delaware County,* 983 F.2d 1277, 1284 (3d Cir.1993). This case has been before the court since 1991, and the court has made a number of substantive and procedural rulings. To start this case over again would not be convenient or fair to the parties, and would not promote judicial economy as both the parties and the court have expended a great deal of time and energy on this case.

## III. Declaratory Judgment Relief

■ Having determined to maintain jurisdiction of the pendent claims, the next question is the appropriateness of this case for declaratory relief. In a similar case, the Court of Appeals questioned the use of declaratory relief because an opinion on the merits would border "dangerously close on an advisory opinion." *Jackson v. Culinary School of Washington,* 59 F.3d 254, 256 (1995).

However, this case is different in two very important ways. First, in *Jackson,* the plaintiffs were asking for declaratory and injunctive relief. Here, the plaintiff is asking for additional relief in the form of a refund of the money she has paid. The parties have debated whether or not this relief is equitable, or is instead a claim for monetary damages. However, the court agrees with CSLFC and Bank of America that no matter the label given the requested relief, it is a concrete matter that can be resolved by a decision of this court.

Second, the case in *Jackson* involved over seventy named plaintiffs. The plaintiffs were residents of many different states, and had received their respective loans from many different lenders. The lenders themselves were from several states, and the loans all had different choice of law clauses. Because of this, the Court of Appeals concluded that an opinion declaring the status of D.C. law in relation to the federal law would not necessarily resolve any legal questions. *Jackson,* 59 F.3d at 256. Here, there is only one plaintiff, and the Court of Appeals has directed this court to address the choice of law question before reaching the preemption issues. Thus, the resulting opinion will not simply be a statement of the status of D.C. law. The court will first address the question of what state's law applies, and will then address any relief that may be available.

For these reasons, the court concludes this case is appropriate for declaratory relief. Concrete issues have been presented to the court that are appropriate for resolution. As such, any resulting opinion will not be an advisory opinion.

## IV. Conclusion

Thus the court concludes that considerations of judicial economy, convenience, and fairness to the litigants favor retaining jurisdiction of these claims because there is a substantial federal interest in resolution of the issues and even if dismissed, the Secretary of Education has expressed the intention to remove the subsequent case back to federal court. Additionally, the issues presented to the court are concrete and precise, making them appropriate for declaratory relief. For these reasons, it is hereby

ORDERED that the Court will exercise its discretion under 28 U.S.C. § 1367(c) and the Declaratory Judgment Act to exercise jurisdiction over the pendent and declaratory judgment claims in this action, and it is further

ORDERED that the parties will submit a stipulated briefing schedule by November 27. If the parties are unable to reach an agreed upon schedule, then each party shall submit its own proposed briefing schedule.

SO ORDERED.