CHAPLAINCY OF FULL GOSPEL CHURCHES, et al., Plaintiffs,

v.

Hansford T. JOHNSON, Acting Secretary of the Navy, et al., Defendants.

Robert H. Adair, et al., Plaintiffs,

v.

Hansford T. Johnson, Acting Secretary of the Navy, et al., Defendants.

Civil Action Nos. 99–2945 (RMU), 00–0566(RMU).

United States District Court, District of Columbia.

Aug. 4, 2003.

Arthur A. Schulcz, Sr., Vienna, VA, for Plaintiffs.

Michael Quenten Hyde, U.S. Department of Justice, Thomas E. Caballero, the United States Senate, Washington, DC, for Defendants.

## MEMORANDUM ORDER

URBINA, District Judge.

### DENYING WITHOUT PREJUDICE THE PLAINTIFFS' MOTION FOR DECLARATORY OR PARTIAL SUMMARY JUDGMENT

This class action comes before the court on the plaintiffs' motion for declaratory or partial summary judgment. The plaintiffs, current and former Navy chaplains, bring this suit against the Secretary of the Navy, other Navy officials, and the Navy alleging that the Navy's policies and practices—including the chaplain-selection process—favor certain religious denominations over others in violation of the First and Fifth Amendments to the Constitution.[1]

On May 15, 2003, the plaintiffs filed a motion for declaratory or partial summary judgment. They ask the court to find as a matter of law that alleged misconduct by the Navy's chaplain-selection boards qualifies as self-concealing fraud, and that as a result the statute of limitations is tolled for claims arising out of such misconduct and the defendants bear the burden of proving otherwise. Pls.' Mot. for Decl. or Partial Summ. J. ("Pls.' Mot.") at 1. On June 10, 2003, the defendants responded with a motion asking the court to hold the plaintiffs' motion in abeyance or, in the alternative, to continue consideration of the plaintiffs' motion until after the parties complete dis-

covery. Defs.' Mot. to Hold Pls.' Mot. In Abeyance ("Defs.' Mot.") at 1–2.

According to the plaintiffs, summary judgment or declaratory relief would be helpful for two reasons. First, the plaintiffs anticipate that the defendants will raise a statute-of-limitations defense to the plaintiffs' claims. Pls.' Mot. at 2; Pls.' Opp'n at 1. To counter that defense, the plaintiffs have made clear that they plan to argue fraudulent concealment, which would equitably toll the statute of limitations. E.g., Pls.' Opp'n at 1. In the plaintiffs' view, summary judgment or declaratory relief as to whether the Navy's alleged misconduct qualifies as self-concealing fraud (a type of fraudulent concealment) would "enable the parties to effectively plan their litigation and discovery strategies." Pls.' Mot. at 2. Second, because the statute-of-limitations issue is implicated in two related motions, the plaintiffs argue that the requested relief would "facilitate resolution of major issues [in the two motions] now pending before the Court and hopefully speed ... decisions [on those motions]." Id. at 1 (referring to the plaintiffs' motion to amend their first amended complaint and to the definition of the proposed class). Id. at 1.

■ The court concludes, however, that neither summary judgment nor declaratory relief is appropriate here.[2] Summary

---

**1.** For a detailed factual history, see *Adair v. England,* 183 F.Supp.2d. 31, 35–37 (D.D.C. 2002).

**2.** The court has addressed this statute-of-limitations issue twice before. *Adair v. England,* 183 F.Supp.2d 31 (D.D.C.2002) (granting in part and denying in part the defendants' motion to dismiss); *Adair v. Johnson,* 216 F.R.D. 183 (D.D.C.2003) (granting the plaintiffs' motion to amend their first amended complaint). In both opinions, the court declined to decide the merits of the statute-of-limitations issue given the procedural posture of the case, and

noted that the defendants may raise the statute-of-limitations defense once the parties have completed discovery. *Adair,* 183 F.Supp.2d. at 55. The court makes the same point once again today.

As noted, the plaintiffs argue that their motion would "facilitate resolution of major issues" before the court "and hopefully speed their decisions." Pls.' Mot. at 1 (referring to the plaintiffs' motion to amend their first amended complaint and to the definition of the proposed class). Not so. First, the court already resolved one of the motions without resorting to summary or declaratory judg-

judgment is merited when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R.CIV.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C.Cir.1995). The plaintiffs argue that because the secrecy of the chaplain-selection process is undisputed, the court can rule as a matter of law on "whether or not the characteristics of the secret nature of the chaplain selection board systems qualifies [*sic*] as self-concealing fraud." Pls.' Opp'n at 9, 14–15, 22, 24. But secrecy alone does not create a self-concealing fraud. Rather, a self-concealing fraud requires that the defendant "engage in some misleading, deceptive or otherwise contrived action or scheme, in the course of committing the wrong, that is designed to mask the existence of a cause of action." *In re Vitamins Antitrust Litig.*, 2000 WL 1475705, at *2 (D.D.C. May 9, 2000) (quoting *Hobson v. Wilson*, 737 F.2d 1, 34 (D.C.Cir. 1984)). At this stage in the proceedings, however, the nature of the defendants' actions remains very much in dispute. *Compare* Pls.' Mot. at 7–9 *with* Defs.' Mot. at 16, 22; *see Adair v. England*, 217 F.Supp.2d 7, 15–16 (D.D.C.2002). Accordingly, although summary judgment may be appropriate after discovery closes, it is not appropriate at this point. *Adair*, 217 F.Supp.2d at 16.

■■■ Nor is declaratory relief warranted. Under the Declaratory Judgment Act, a court may declare the rights and other legal relations of any interested party where there exists an "actual controversy," defined as "a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." 28 U.S.C. § 2201(a); *Md. Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941); *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1073 (D.C.Cir.1998). Even if such a controversy exists, however, a district court has broad discretion to withhold declaratory judgment. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (noting "the unique breadth of [a district court's] discretion to decline to enter a declaratory judgment"); *Jackson v. Culinary Sch. of Wash., Ltd.*, 59 F.3d 254, 256 (D.C.Cir.1995) (stating that the Supreme Court "took great pains to emphasize the singular breadth of the district court's discretion to withhold declaratory judgment"). Here, assuming *arguendo* that an actual controversy exists, the court declines to issue a declaratory judgment on the current, partially developed record. *Accord id.* at 256 (concluding that declaratory relief based on an inadequate record would "border[ ] dangerously on an advisory opinion"); *Riley v. Titus*, 190 F.2d 653, 656 (D.C.Cir.1951) (finding that the same uncertainties in the record that preclude summary judgment also preclude declaratory judgment).

ment. *Adair*, 216 F.R.D. 183. Second, filing additional motions—and then calling chambers to inquire about those motions—arguably slows, rather than speeds, the resolution of this action. Over the past two years, the court has issued memorandum opinions on at least seven dispositive motions filed by the parties. *E.g., Adair*, 183 F.Supp.2d 31; *Adair v. England*, 193 F.Supp.2d. 196 (D.D.C. 2002); *Adair v. England*, 217 F.Supp.2d 1 (D.D.C.2002); *Adair v. England*, 217 F.Supp.2d. 7 (D.D.C.2002); *Adair v. England*, 209 F.R.D. 1 (D.D.C.2002); *Adair v. England*, 209 F.R.D. 5 (D.D.C.2002); *Adair*, 216 F.R.D. 183. Yet more motions are waiting in the wings. The court's patience is beginning to wear thin.

Accordingly, because neither summary judgment nor declaratory relief is appropriate, it is this 4th day of August, 2003,

**ORDERED** that the plaintiffs' motion [# 139] for declaratory or partial summary judgment is **DENIED without prejudice;** and it is

**FURTHER ORDERED** that the defendants' motion [# 140] to extend time to file an opposition or otherwise respond to plaintiffs' motion for declaratory or partial summary judgment is **GRANTED nunc pro tunc;** and it is

**ORDERED** that the defendants' motion [# 144] to hold in abeyance the plaintiffs' motion for declaratory or partial summary judgment or, in the alternative, for discovery is **DENIED. SO ORDERED.**