**DEFENDERS OF WILDLIFE, et al., Appellees,**

v.

**Gale A. NORTON, Secretary, U.S. Department of the Interior and Steven A. Williams, Director, U.S. Fish and Wildlife Service, Appellants.**

**No. 03–5055.**

United States Court of Appeals, District of Columbia Circuit.

March 3, 2004.

Eric Robert Glitzenstein, Katherine Anne Meyer, Jonathan R. Lovvorn, Meyer & Glitzenstein, Washington, DC, for Plaintiff–Appellee.

David Carlisle Shilton, Seth M. Barsky, Attorney, Katherine W. Hazard, U.S. Department of Justice, (DOJ) Environment & Natural Resource Div., Washington, DC, for Defendant–Appellant.

Before: GINSBURG, Chief Judge, HENDERSON, Circuit Judge, and WILLIAMS, Senior Circuit Judge.

## *JUDGMENT*

PER CURIAM.

This cause was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of the parties.

The appellants challenge both the injunctive and declaratory relief imposed by the district court. Because all parties now agree the district court should lift the § 7 injunction at issue and the district court has indicated it will do so, should this case be remanded, the appellants' challenge to the injunction is moot. It is therefore

ORDERED AND ADJUDGED that the § 7 injunction be vacated and that this case be remanded to the district court. *See, e.g., Pharmachemie B.V. v. Barr Laboratories, Inc.,* 276 F.3d 627, 632 (D.C.Cir. 2002) (vacatur appropriate when claim is moot) (citing *United States v. Munsingwear, Inc.,* 340 U.S. 36, 39 & n. 2, 71 S.Ct. 104, 95 L.Ed. 36 (1950); *Columbian Rope Co. v. West,* 142 F.3d 1313, 1317–18 & n. 5 (D.C.Cir.1998)).

Further, the district court on remand shall: (1) consider whether–in light of our vacatur of the § 7 injunction–maintenance of the declaratory judgment is justified, *see Wilton v. Seven Falls Co.,* 515 U.S. 277, 289, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) ("facts bearing on the usefulness of the declaratory judgment remedy ... are peculiarly within the grasp" of district court); *Jackson v. Culinary School of Washington, Ltd.,* 59 F.3d 254, 255 (D.C.Cir.1995) (remanding for further explanation of district court's decision to grant declaratory relief); and, if so (2) consider in the first instance the Government's jurisdictional objection to the de-claratory judgment, *see Women's Equity Action League v. Bell,* 743 F.2d 42, 44 (D.C.Cir.1984) (noting this court's "general practice [is] to allow full development and presentation in the district court of matters that surface initially on appeal").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C. Cir. Rule 41.