**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

THOMAS E. SCHERER,

       Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,
Department of Education, Ronald
Paige, Secretary; MARIE TERESA
CUEVA, in her individual capacity as
Freedom of Information Officer,
Department of Education; SUSAN
WINCHELL, in her individual
capacity with the Ethics Division,
Office of General Counsel,
Department of Education; ANGELA
BENNETT, in her individual capacity
as Director, Region VII, Civil Rights
Division; TONY SWEATHAM, in his
individual capacity as an attorney and
Acting Director, Region VII,
Department of Education; TIM
HERMSEN, in his individual capacity
as an Inspector, Department of
Education, Region VII; ADRIAN
PAYNE, in her individual capacity as
an investigator, Region VII,
Department of Education; JOHN DOE,
Unnamed parties with the Department
of Education in their individual
capacities,

       Defendants-Appellees.

No. 03-3021
(D.C. No. 02-CV-2075-JWL)
(D. Kan.)

## ORDER AND JUDGMENT [*]

Before **HARTZ** , **BALDOCK** , and **McCONNELL** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Thomas E. Scherer brought this action in district court, seeking monetary, injunctive, and declaratory relief for defendants' alleged violations of the Freedom of Information Act (FOIA), 5 U.S.C. § 552. The district court denied Mr. Scherer's motion for default judgment and his motion to strike citations of unpublished cases, then granted defendants' motion to dismiss under Fed. R. Civ.

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

P. 12(b)(6). [1]  It also entered an award of costs in favor of defendants. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

A district court's rulings on motions for default judgment and motions to strike will not be disturbed absent an abuse of discretion. *See Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003) (reviewing a denial of motion for default judgment); *Nielsen v. Moroni Feed Co.,* 162 F.3d 604, 606 n.3 (10th Cir. 1998) (reviewing denial of motion to strike portions of affidavit for abuse of discretion). Concerning Mr. Scherer's motion for default judgment, R., Vol. 3, Doc. 13, the district court had two reasons to deny it. First, the motion was filed before defendants were properly served. *Id.*, Vol. 1, Doc. 17, 22. Second, defendants filed their motion to dismiss in compliance with the district court's order setting the deadline for defendants' answer or other responsive pleading. *See id.*, Doc. 36, 38. (The court found that good cause existed to set the date of October 8, 2002, for defendants to file their response. R., Vol. 1, Doc. 36. A defendant is to "serve an answer or otherwise plead to any [FOIA] complaint . . . within thirty days after service upon the defendant of the pleading in which such complaint is made, *unless the court otherwise directs for good cause shown*.

---

[1]     The district court's final opinion, published as *Scherer v. United States*, 241 F. Supp. 2d 1270 (D. Kan. 2003), deals with numerous issues not raised in this appeal.

5 U.S.C. § 552(a)(4)(C) (emphasis supplied)).  Therefore, the district court did not abuse its discretion.

Defendants' motion to dismiss, complete with attached copies of cited unpublished opinions as required by D. Kan. R. 7.6(b), inspired Mr. Scherer to file his "Motion to Strike Citations and West Case(s) Attachment."  R., Vol. 1, Doc. 40. [2]  He argued that defendants' attachments, copies from the Westlaw electronic database, violated federal copyright law and also gave an unfair advantage to litigants with Westlaw subscriber service.  *Id.*  The district court rejected both arguments.  Noting that establishment of copyright infringement requires a demonstration of *unauthorized* copying of original work, *see Harper & Row, Publishers, Inc. v. Nation Enters*., 471 U.S. 539 *passim* (1985), the court concluded that defendants had produced evidence of Westlaw permission to provide copies of cases in judicial proceedings.  Further, Mr. Scherer was not disadvantaged by defendants' Westlaw access.  R., Vol. 1, Doc. 48.  We perceive no abuse of discretion in the district court's ruling on Mr. Scherer's motion to strike.

The district court granted defendants' dismissal motion on the ground that the complaint failed to allege exhaustion of administrative remedies.  R., Vol. 2,

---

[2]     D. Kan. R. 7.6(b) provides, in pertinent part: "Unpublished decisions may be cited only if the unpublished decision is furnished to the court and to opposing parties or their counsel when the memorandum is filed."

Doc. 64, at 2. "We review de novo the district court's grant of a 12(b)(6) motion to dismiss." *Moffett v. Halliburton Energy Servs., Inc*., 291 F.3d 1227, 1231 (10th Cir. 2002) (internal quotation marks omitted).

Mr. Scherer does not dispute that exhaustion of administrative remedies under FOIA is generally required before filing suit in federal court. *See Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990). Assuming that the allegations in the complaint are true, Mr. Scherer took a scattershot approach to his FOIA requests to the United States Department of Education. He did not administratively appeal the initial denial, even though he was notified of his appeal rights. *See* R., Vol. 3, Doc. 13, Ex. 9; *see also* 34 C.F.R. §§ 5.80-5.85 (setting out appeal procedure). Instead, he fired off additional rounds of requests and letters of complaint—and again failed to follow the appeal process when the agency responses did not meet his expectations. R., Vol. 1, Doc. 1, at 6. Mr. Scherer's labors may have been exhausting, but he failed to pursue any of his requests as far as he could within the Department of Education. The district court properly dismissed the complaint based on Mr. Scherer's failure to exhaust his administrative remedies.

In connection with the order of dismissal, the district court awarded costs to the defendants. *Id.*, Vol. 2, Doc. 65. We review the district court's award of costs for abuse of discretion. *See Marathon Ashland Pipe Line LLC v. Md. Cas.*

*Co.*, 243 F.3d 1232, 1254 (10th Cir. 2001). Under 28 U.S.C. § 1920, "[a] judge or clerk of any court of the United States may tax . . . costs." Likewise, "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). We see no abuse of discretion in the district court's award of costs.

The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Harris L Hartz
Circuit Judge